UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                               Case No. 03-10501 - WRS
                                                    Chapter 7
COLLINS SIGNS, INC.,

    Debtor.


SUSAN S. DEPAOLA, TRUSTEE,

    Plaintiff,                                 Adv. Pro.No. 04-1107 - WRS

v.


KOJIS & SONS SIGNS, INC.,

    Defendant.


## MEMORANDUM DECISION

This Adversary Proceeding is presently before the Court upon the motion of Defendant Kojis & Sons Signs ("Kojis") to transfer venue of this Adversary Proceeding to the Western District of Louisiana. (Docs. 29, 30). The Plaintiff opposes the motion and has filed an opposition brief. (Doc. 36). For the reasons discussed below, the Defendant's motion to transfer venue is DENIED.

## I. FACTS

The Plaintiff and Trustee of the bankruptcy estate[1] has initiated this Adversary Proceeding seeking to set aside a payment to Defendant Kojis in the amount of $6,535.00[2] as a preferential transfer pursuant to 11 U.S.C. § 547.  Kojis is a Louisiana corporation that manufactures and erects signs for resale.  Kojis recites a litany of reasons why this Court should transfer this Adversary Proceeding to the Western District of Louisiana: 1) it maintains no offices or manufacturing operations outside of Louisiana—in other words all of its business and administrative operations are situated in Louisiana; 2) all contracts related to the action now before the Court occurred in Louisiana; 3) all witnesses who would be called to testify on behalf of Kojis reside in Louisiana; 4) all books, records, and documents pertaining to the Plaintiff's action against it are located in Louisiana; 5) all of the assets of Kojis are located in Louisiana; 6) the enforcement of any judgment rendered against Kojis would take place in Louisiana and in accordance with the laws of Louisiana.  The Trustee rejects these contentions as unpersuasive and the Court agrees that balancing the competing interests of the parties favors adjudication of this Adversary Proceeding here in the Middle District of Alabama.

---

[1] The Collins Signs bankruptcy case was initiated by the filing of an involuntary petition, after which the Debtor filed a voluntary petition under Chapter 11 of Title 11 U.S.C.  This case has subsequently been converted to a proceeding under Chapter 7 of Title 11 U.S.C., by Order of this Court dated March 19, 2004.  (Case No. 03-10501, Doc. 632).

## II. CONCLUSIONS OF LAW

### A. JURISDICTION

The Court has jurisdiction in this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

### B. DISCUSSION

Before delving into the specific legal and factual issues involved in the Defendants' motion to transfer, it should first be stated that this Court is generally not inclined to transfer core proceedings to other venues. This is mainly because the matters raised by ordinary avoidance actions go to the heart of one of the main purposes of this Court's existence— to further efforts to reorganize and administer bankrupt estates. Furthermore, the policy of concentrating avoidance actions where the bankruptcy case is pending, in conjunction with the policy of affording the Plaintiff a significant amount of deference in choosing a particular forum, strongly favors retention of this Adversary Proceeding. Upon balancing the competing equities involved, the Court concludes that transfer to another venue would not be appropriate.

Section 1412 of Title 28, U.S.C., authorizes this Court to transfer a case or proceeding to another district either in the interest of justice or for the convenience of the parties. This Court has in the past set forth the elements to consider when deciding a

motion to transfer under § 1412. See Alexander v. Steel Law Firm, P.C. (In re Terry Mfg. Co, Inc.), 323 B.R. 507, 509-510 (Bank. M.D. Ala. 2005); Alexander v. Identification Systems Inc., 2005 Bankr. LEXIS 177 (Bankr. M.D. Ala. Jan. 21, 2005). In considering the "interest of justice" prong, the following factors are relevant: (a) the economics of estate administration; (b) the presumption in favor of the "home court"; (c) judicial efficiency; (d) the ability to receive a fair trial; (e) the state's interest in having local controversies decided within its borders, by those familiar with its laws; (f) the enforceability of any judgment rendered; and (g) the plaintiff's original choice of forum. Alexander v. Steel Law Firm, P.C. (In re Terry Mfg. Co, Inc.), 323 B.R. 507, 509-510 (citing A.B. Real Estate v. Bruno's, Inc. (In re Bruno's, Inc.) 227 B.R. 311, 324-326 (Bankr. N.D. Ala. 1998). The following factors are relevant to "convenience of the parties": (a) the location of the plaintiff and defendant; (b) the ease of access to necessary proof; (c) the convenience of witnesses; (d) the availability of subpoena power for the unwilling witnesses; and (e) the expense related to obtaining witnesses. Id.

In this case, Kojis' contentions as to why this Adversary Proceeding should be transferred to the Western District of Louisiana center on its alleged financial inability to defend itself against the Trustee's action here in the Middle District of Alabama. Kojis asserts that all of its witnesses reside in Louisiana. Kojis furthers argues that the cost of transporting its bookkeepers, accountants, officers, and business managers to Alabama would be prohibitive. However, shifting this financial burden to the Trustee would certainly not be in the best interest of the bankruptcy estate. All of the documents and fact witnesses on behalf of the Debtor are located in Alabama. See Zahn v. Yucaipa Capital Fund, 218 B.R. 656, 678 (D.R.I. 1998) (noting that transfer is inappropriate if it

4

Case 04-01107    Doc 37    Filed 08/25/05    Entered 08/25/05 11:13:59    Desc Main
Document      Page 4 of 6

merely shifts inconvenience from one party to another); see also Enron Corp v. Arora (In re Enron Corp.), 317 B.R. 629, 647 (Bankr. S.D.N.Y. 2004); Haworth, Inc. v. Sunarhauserman Ltd./Sunarhauserman Ltee., 131 B.R. 359, 363 (Bankr. W.D. Mich. 1991); In re Laguardia Assocs., L.P., 316 B.R. 832, 840 (Bankr. E.D. Pa. 2004). Kojis also argues that the laws of the state of Louisiana would control the seizure of assets and the enforcement of any judgment rendered against it. The Court does not find this argument persuasive, as this is a fact which occurs in every case where a judgment is rendered against an out-of-state defendant. Nor is much weight to be given to Kojis' argument that they are in jeopardy of not receiving a fair trial in this Court. In dealing with this contention, the Court notes that this is not a case in which a jury will be impaneled and furthermore Kojis has not put forth any evidence regarding any predisposition of the Court that would prevent them from obtaining a fair trial.

In addition to the fact that this Court is not inclined to simply shift inconveniences from Kojis to the bankruptcy estate, the Court finds that the Trustee's choice of forum in this case should be accorded substantial deference. Furthermore, because this Court is already familiar with the underlying bankruptcy case, the efficient administration of the bankruptcy estate from an economic standpoint as well as judicial efficiency would be best served by adjudication of this core proceeding here in the Middle District of Alabama. For these reasons, the Defendants' motion to transfer is DENIED.

Done this 24th day of August, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c:  Stephen D. Wheelis, Attorney for Kojis
    Richard Scott Williams, Attorney for Trustee